IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSE RILEY, §
    Plaintiff, §
 §
v. § Civil Action No. 3:16-CV-2970-BH
 §
CITIMORTGAGE, INC., §
    Defendant. § Consent Case

## MEMORANDUM OPINION AND ORDER

By consent of the parties and order of transfer dated March 29, 2018, this matter has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *Defendant and Counter-Plaintiff CitiMortgage, Inc.'s Motion for Summary Judgment*, filed January 18, 2018 (doc. 26). Based on the relevant filings, evidence, and applicable law, the motion for summary judgment is **GRANTED**.

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 1422 Bradford Place, Mesquite, Texas, 75149 (the Property).[1] (doc. 1-4 at 2.)[2] On December 8, 2004, Rose Riley (Plaintiff) and Randy Riley (Randy) executed a Note and Security Agreement (Note) in favor of CitiFinancial, Inc., for a loan in the principal amount of $90,260.18. (*Id*. at 10-12.) Plaintiff and Randy contemporaneously executed a Deed of Trust Secured by Homestead (Deed of Trust) that granted a security interest in the Property to CitiFinancial, Inc. to secure repayment under the Note.

---

[1] The Property is also identified as:

LOT NINETEEN (19) IN BLOCK D OF CASTLERIDGE ADDITIONS, PHASE TWO, SECTION TWO, AN ADDITION TO THE CITY OF MESQUITE, TEXAS, ACCORDING TO THE REVISED MAP RECORDED IN VOL. 84105, PAGE 4757, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS. (doc. 1-4 at 14.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*Id*. at 14-17.) Under the terms of the Note and Deed of Trust, Plaintiff and Randy would be in default if they failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id*. at 11-12, 15-17.) On October 21, 2013, Randy executed a Quitclaim Deed conveying all of his rights, title, and interest in and to the Property to Plaintiff in accordance with the terms of their divorce proceedings. (doc. 28-8 at 1-4.) On December 20, 2013, CitiFinancial, Inc. executed a Corporate Assignment of Deed of Trust to CitiFinancial Servicing, LLC, a Delaware Limited Liability Company (CitiFinancial). (doc. 28-3 at 1-3.)

Beginning November 15, 2014, Plaintiff failed to submit the required monthly payments under the Note and Deed of Trust and was held in default by CitiFinancial. (*See* doc. 28-1 at 24-46.) On April 30, 2015, CitiFinancial provided her with written notice of the default on the Note, an opportunity to cure the default, and notice that it intended to accelerate the Note and declare all outstanding principal and accrued by unpaid interest to be immediately due and payable if she failed to cure the default. (*Id*. at 13-17.) On December 3, 2015, its foreclosure counsel provided Plaintiff with a Notice of Acceleration noting its decision to accelerate all amounts due and owing under the Note. (doc. 28-4 at 4-9.) On January 11, 2016, CitiFinancial filed an Application for Home Equity Foreclosure Order under Rule 736 of the Texas Rules of Civil Procedure in state court, seeking an order for foreclosure of its lien against the Property, which was granted on June 24, 2016. (doc. 28-6 at 1-3.)

On August 29, 2016, CitiFinancial's foreclosure counsel provided Plaintiff with notice that the foreclosure sale was scheduled for October 4, 2016. (doc. 28-4 at 11-30.) On September 12, 2016, Plaintiff's counsel contacted CitiFinancial by telephone and orally requested that it provide

a reinstatement quote for the mortgage loan. (doc. 28-1 at 18-19.) CitiFinancial issued a letter the following day, advising Plaintiff and her counsel that the amount needed to reinstate the Loan was $15,745.89 (Reinstatement Request). (*Id*. at 20-23.) Approximately two weeks later, Plaintiff filed this current suit against CitiFinancial, alleging that the requested Reinstatement Request waived acceleration of the Note such that the current foreclosure on the Property is "invalid." (doc. 1-4.) She seeks a declaratory judgment that Defendant "does not have the power of sale pursuant to the Deed of Trust," a permanent injunction preventing Defendant from foreclosing, attorney's fees, and damages under the Texas Declaratory Judgment Act. (*Id*. at 4-6.) On October 24, 2016, CitiFinancial removed this action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-2.) After removing this suit, CitiFinancial executed an Assignment of Deed of Trust Secured by Homestead in favor of CitiMortgage, Inc. (Defendant), and it concurrently assigned the Note to Defendant in an Allonge to the Note. (docs. 28-9 at 1-4, 28-10 at 1-2.) On December 8, 2017, CitiFinancial was dismissed and substituted by Defendant as the proper party after it had been assigned the Note and Deed of Trust. (docs. 19, 20, 21.) Defendant asserts a counterclaim for foreclosure and attorney's fees incurred in the defense and counterclaim in this suit. (doc. 5 at 6-8.)

On January 18, 2018, Defendant filed a motion for summary judgment on both Plaintiff's claim and its own counterclaim for foreclosure. (docs. 26, 27, 28.) With a timely filed response and reply, the motion is ripe for determination. (docs. 30, 31.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotation omitted).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither

conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.[3]

### III. PLAINTIFF'S CLAIM

Defendant argues that it is entitled to summary judgment on Plaintiff's claim for declaratory judgment because she fails to provide any evidence that it abandoned acceleration under the loan documents in foreclosing on the Property. (doc. 27 at 11-15.)

Plaintiff's suit is brought solely under the Texas Declaratory Judgment Act (TDJA), and it is premised upon her contention that Defendant "abandoned" its acceleration and waived foreclosure by issuing a reinstatement quote. (*See* doc. 1-4.) Federal "courts cannot award relief pursuant to the [TDJA] because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act," which allows a

---

[3] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

federal court to declare the rights and legal relations of an interest party. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012).

Under Texas law and Fifth Circuit precedent, an earlier acceleration of foreclosure on real property is waived when the lender "put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan." *Boren v. United States Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). The abandonment of a prior acceleration must meet the traditional requirements of waiver under Texas law, including: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id. (*quoting *Thompson v. Bank of America Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015)); *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)). Abandonment and waiver is "a question of law when the facts that are relevant to a party's relinquishment of an existing right are undisputed." *Id.* at 106 (citing *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015)). Because the only question raised by Plaintiff's petition is one of law, "summary judgment is appropriate" in this case. *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991) ("[S]ummary judgment is appropriate where the only issue before the court is a pure question of law.").

To meet its summary judgment burden, Defendant points to the Note, Deed of Trust, the Notice of Default, the Notice of Acceleration, and the state court order authorizing foreclosure under Rule 736 of the Texas Rules of Civil Procedure to show that it properly foreclosed upon the Property. (doc. 27 at 11-15.) It further points to the reinstatement quote contained in the Reinstatement Request, which was sent after the notice of acceleration and states "[p]er your request for a reinstatement quote on 9/12/2016, please find the enclosed reinstatement quote." (doc. 29-6

6

at 2-5.) The Reinstatement Request further explains that it was "subject to certain conditions;" if Plaintiff failed to pay the reinstatement amount, the mortgage would remain an accelerated loan, and it could "continue with foreclosure proceedings." (*Id*. at 4.) This language is not inconsistent with the prior acceleration of the mortgage loan, and it does not evidence intent to waive or withdraw either the acceleration or the right to foreclose. *See Nasheed v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-1575-L, 2016 WL 4039165, at *2–3 (N.D. Tex. July 28, 2016) (finding that a mortgage account statement that was sent after a notice of acceleration and included a reinstatement amount was "insufficient as a matter of law to support a finding of waiver or abandonment under Texas law" because the "express language" in the statement made it clear that the defendants "did not intend to waive their acceleration rights"). Defendant has met its summary judgment burden to show a failure of proof to substantiate the element of its "actual intent to relinquish the right, or intentional conduct inconsistent with the right" that is required to show abandonment or waiver of acceleration.

The burden now shifts to Plaintiff to show a genuine issue of material fact for trial regarding Defendant's "abandonment" of its acceleration. She does not object to any of Defendant's summary judgment evidence, and she instead points solely to the Reinstatement Request to contend that this "request for payment of less than the full obligation . . . was an unequivocal expression of the bank's intent to abandon or waive its initial acceleration" and that the "original maturity date has been restored." (doc. 29 at 3.) As support, she cites to several cases based upon the ruling in *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677 (5th Cir. 2015), which held that a lender waives its earlier acceleration when it "put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan." (doc. 29 at 2-3) (citing *Cline v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-1565-D, 2015 WL 4041791 (N.D. Tex. July 2, 2015); *Boren v. US*

7

*Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015); *Meachum v. Bank of N.Y. Mellon Trust Co. N.A.*, 636 F. App'x 210 (5th Cir. 2016)). In *Leonard*, the creditor sent a notice of acceleration to the debtor on March 27, 2009, and after the creditor was succeeded by a new servicer of the note, the new servicer sent several monthly account statements and a second notice of acceleration on September 8, 2010. *See* 616 F. App'x at 678. The Fifth Circuit held that, under these facts, the additional account summaries requesting past due payments combined with the second notice of acceleration constituted an abandonment of the first acceleration. *Id.* The cases relying on *Leonard* had similar fact patterns where the creditor accelerated the note, but then it unilaterally sent a second notice of acceleration or intent to accelerate as if the first acceleration had not occurred. *See Boren*, 807 F.3d at 106 (holding that a second notice of default and acceleration "unequivocally manifested an intent to abandon the previous acceleration"); *Meachum*, 636 F. App'x at *212-13 (holding that a second notice of default and intent to accelerate "represented an abandonment of the [original] acceleration"); *Cline*, 2015 WL 4041791, at *5 (finding that the defendant's acceptance of three payments on the mortgage note in less than the full accelerated amount combined with a second notice of default and acceleration "put plaintiffs on notice that [the creditor] was no longer seeking to collect the full balance of the Note and had abandoned the January 2009 acceleration").

Unlike the creditors in that line of cases, the creditor here sent Plaintiff only one notice of intent to accelerate, one notice of acceleration, and in response to a request from Plaintiff's counsel, a Reinstatement Request expressly stating that it had not waived acceleration and would continue to foreclose unless the loan was reinstated. (*See* doc. 28-1 at 20-23.) This requested reinstatement quote does not show that Defendant intentionally abandoned or acted inconsistently with its prior acceleration of Plaintiff's total obligation due under the Note and Deed of Trust. She cites no case

law holding that sending a reinstatement quote in response to a specific request from Plaintiff's own counsel can constitute abandonment of acceleration, and she fails to provide any evidence showing that she met or agreed to the conditions of reinstatement. Plaintiff has failed to sustain her burden, and Defendant is entitled to summary judgment. *See Nasheed*, 2016 WL 4039165, at *2-3 (finding that the plaintiff's abandonment argument failed as a matter of law based upon the "express language" in a mortgage account statement sent subsequent to a notice of acceleration). Defendant is entitled to dismissal of this declaratory judgment action with prejudice.[4]

## IV. DEFENDANT'S COUNTERCLAIM

Defendant next moves for summary judgment on its counterclaim for foreclosure on the Property and attorneys' fees.

**A.     Foreclosure**

Defendant argues that it is entitled to an order that authorizes a foreclosure on the Property under § 51.002 of the Texas Property Code and grants a judicial foreclosure sale consistent with 28 U.S.C. §§ 2001-2002[5] and Rule 309 of the Texas Rules of Civil Procedure.[6] (doc. 27 at 15-19.)

---

[4] Because Plaintiff's request for a permanent injunction, attorney's fees, and damages are based solely upon the same theory of recovery, these requests are similarly dismissed.

[5] 28 U.S.C. §§ 2001-2002 details the procedural and notice requirements for a "sale of realty" under "any order or decree of any court of the United States."

[6] Rule 309 states:

Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and, except in judgments against executors, administrators and guardians, that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions. Tex. R. Civ. P. 309

To show entitlement to an order authorizing foreclosure on a home equity loan in Texas, Defendant must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) Plaintiff is in default under the Note and Deed of Trust; and (4) Plaintiff has been properly served with notice of default and notice of acceleration. *See Christiana Trust v. Jacob*, No. 7:15-CV-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016) (citing Tex. Prop. Code § 51.002; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014)). A foreclosure sale may be instituted either by a judgment of the court establishing the debt and fixing the lien, or by a valid exercise of a power contained in a deed of trust. *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.–Corpus Christi 1996, no writ) (citation omitted).

Here, Defendant proffers the Note, Deed of Trust, the assignment, the payment history, the notice of default, the notice of acceleration, and the amounts currently due under the loan as summary judgment evidence. (*See* docs. 28-1, 28-2, 28-3, 28-4, 28-6.) These exhibits establish that the Note and Deed of Trust constitute a valid agreement between the two parties for a debt secured by a lien created in the Deed of Trust under Article 16, Section 50(a)(6) of the Texas Constitution, and that Plaintiff's failure to make monthly payments as required by these instruments would result in a breach of the loan.[7] (*See* doc. 28-1.) Plaintiff does not dispute that she failed to make required monthly payments beginning November 15, 2014, she properly received a notice of default on April 30, 2015, and a notice of acceleration on December 3, 2015, and she failed to cure the default after

---

[7] The summary judgment evidence also establishes that Defendant is a "mortgage servicer" under Texas Property Code § 51.0001 that may administer a foreclosure sale of real property under Texas Property Code § 51.002. Tex. Prop. Code § 51.0025, 51.0001(3), 51.0001(4)(a)-(c).

receiving these notices.[8] (docs. 28-1 at 13-17, 28-4 at 4-9.) Defendant has also established that as of January 18, 2018, the unpaid principal balance on the loan is $74,436.07, the accrued interest is $11,331.28, the previously deferred interest is $13,803.00, and the escrow advances total $39,730.28. (doc. 28-9 at 2-3.) The evidence further shows that additional interest continues to accrue on the outstanding principal balance through and after January 31, 2018, at a rate of $10.19 a day for each day the loan remains unpaid. (*Id*. at 3.) Defendant has met its summary judgment burden to show no genuine issue exists as to any material fact on its counterclaim for foreclosure.

The burden now shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact that Defendant is not entitled to a foreclosure order on the Property. She does not object to Defendant's evidence, and she only reiterates her argument that Defendant has "abandoned" its acceleration and waived foreclosure. (*See* doc. 29.) As discussed, the summary judgment evidence does not show any issue of material fact that Defendant abandoned or waived its acceleration or right to foreclose. Plaintiff has failed to meet her summary judgment burden to show a genuine issue of material fact on at least one element of Defendant's counterclaim for foreclosure, and Defendant is accordingly entitled to judgment as a matter of law on its counterclaim.

**B.     Attorneys' Fees**

As a part of its foreclosure counterclaim, Defendant seeks recovery of its "reasonable and necessary attorneys' fees incurred in pursuit of its right to foreclose" in accordance with the Note

---

[8] The Texas Property Code requires a mortgage servicer to serve a debtor in default with written notice by certified mail stating that the note is in default and providing at least twenty days to cure before any notice of sale can be given. *See* Tex. Prop. Code § 51.002(d). Service is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id*. at § 51.002(e).

and Deed of Trust.[9] (doc. 27 at 19-20.)

Texas law is applicable to the award of attorneys' fees in diversity cases like this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law, court determined that motions for attorneys' fees provided by mortgage contracts are permissible); *see also Payne v. Wells Fargo Bank, N.A.*, 3:12–CV–5219–M–BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)) (awarding attorneys' fees pursuant to deed of trust).

Here, the Deed of Trust and Note expressly permit the recovery of "all reasonable costs and expenses of collection," including "reasonable attorney's fees assessed by a court" if Plaintiff defaults on the Note and the "debt is referred for collection to an attorney." (doc. 21-1 at 6.) Because it is permitted in the relevant loan documents, Defendant is entitled to its reasonable attorneys' fees for pursuing its foreclosure counterclaim under the Note and Deed of Trust. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (concluding that the mortgage creditor was entitled to recover its reasonable attorneys' fees when provided under the Note and Deed of Trust).

---

[9] Defendant alternatively seeks attorneys' fees under § 38.001(8) of the Texas Civil Practices & Remedies Code, which allows the recovery of reasonable attorneys' fees from an individual or corporation "if the claim is for . . . an oral or written contract." It does not show or explain how this provision is applicable to this declaratory action, in which neither party alleges a breach of contract. *See U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, No. 3:17-CV-1704-L, 2018 WL 1210555, at *3 (N.D. Tex. Mar. 8, 2018) (finding that the mortgage creditor could not recover attorneys' fees under § 38.001 because it was "not applicable to this declaratory judgment action," but it could recover under the loan documents because they "provide[d] a sufficient contractual basis for awarding attorney's fees").

"This Court uses the 'lodestar' method to calculate attorney's fees." *Id.* (citation omitted) (applying lodestar method to calculate reasonable attorneys' fees under a mortgage contract). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). A court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

Here, Defendant supports the requested fees with an affidavit from its supervising counsel, explaining the total amount of time rendered in connection with seeking a foreclosure of the Property and the total amount due for attorneys' fees. (doc. 28-7.) It explains that two different attorneys and one paralegal worked on this suit, and specifically that:

> [Defendant's counsel] charges a discounted hourly rate of $240.00 for Leslie Johnson's (Johnson's) work in this case, a discounted hourly rate of $225.00 for Garrett Martin's (Martin's) work in this case, and a discounted hourly rate of $110.00 for Allison Jurecko's (Jurecko's) work in this case. Based on these records, Leslie Johnson has devoted a total of 27.3 hours of work to this case for a value of $6,552.00; Garrett Martin has devoted a total of 33.2 hours to this case for a value of $7,897.50; and Allison Jurecko has devoted a total of 17 hours to this case for a value of $1,870.00. I have allocated 30% of this time spent by Leslie Johnson and Allison Jurecko on this matter to the foreclosure counterclaims asserted by CitiMortgage against Plaintiff in this case. I have allocated 15% of this time spent

13

>   by Garrett Martin on this matter to the foreclosure counterclaims asserted by
>   CitiMortgage against Plaintiff in this case. None of the time which I have spent on
>   this case pertains to those claims. Therefore, out of the total fees billed and to-be
>   billed, the sum of $3,711.23 represents the total amount of . . . attorneys' fees
>   incurred by CitiMortgage in connection with its counterclaims for foreclosure of its
>   lien against the Property securing the loan at issue.

(*Id*. at 2-3.) It further states that based upon the affiant's knowledge and experience, these hourly rates are reasonable and consistent with rates charged by comparable firms in Texas and by Defendant's counsel in similar matters. (*Id*.) Defendant also submitted the attorneys' time sheets and billings invoices to establish the number of hours that its counsel worked on the counterclaim. (*Id*. at 4-27.)

The affidavit states that Martin worked 33.2 hours at a rate of $225.00 per hour for a total bill of $7,897.50, (*id*.), but the actual total is $7,470.00.[10] The attached time sheets also show that Martin worked a total of 34.9 hours,[11] while the affidavit states that he "devoted a total of 33.2 hours to this case." (*Id*. at 4-27.) When the number of hours from the time sheets (34.9 hours) is multiplied by Martin's "discounted hourly rate of $225.00," the total amount of attorney's fees for Martin is $7,852.50. The amount determined by the time sheets, and not the amount incorrectly identified in the affidavit, will be used to determine the amount of attorneys' fees recoverable here.

In her summary judgment response, Plaintiff fails to address Defendant's request for attorneys' fees, and she does not argue that the number of hours or average rate is unreasonable. (*See* docs. 29-30.) Regardless of her failure to respond, it is apparent that the rates charged by Defendant's counsel are consistent with the prevailing rates in Dallas County and within the market

---

[10] When 33.2 is multiplied by 225, the resulting amount is 7,470 and not 7,897.5.

[11] The time sheets show Martin on separate occasions billed for 11.9 hours, 4.4 hours, 0.9 hours, 10.10 hours, 2 hours, 3.7 hours, and 1.9 hours on this suit. (doc. 28-7 at 6, 18, 19, 21, 23, 25, 27.) The total amount would be 34.9 hours.

rate for attorneys handling this type of litigation in the Dallas area. *See TFHSP, LLC Series 10147*, 2016 WL 2856006, at *4; *see also Vanliner Ins. Co. v. DerMargosian*, No. 3:12–CV–5074–D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that a court is an expert on the reasonableness of attorneys' fees).

When the total amounts are reduced consistent with the percentages stated in the affidavit, the appropriate lodestar is calculated as 8.19 hours for Johnson at $240.00 an hour ($1,965.60), 5.235 hours for Martin at $225.00 an hour ($1,177.88), and 5.1 hours for Jureko at $110.00 an hour ($561.00), for a total of $3,704.48. Because this is not an exceptional case or circumstance, this lodestar amount is presumed to be reasonable and will not be modified. *See Watkins*, 7 F.3d at 457 (explaining that the lodestar should be modified only in exceptional cases); *see also Milligan v. CitiMortgage, Inc*., No. 6:14-CV-00594, 2015 WL 11181560, at *2 (E.D. Tex. June 3, 2015) (finding that $11,990.80 was a "reasonable and necessary [amount of] attorney fees incurred by [the defendant] in connection with its counterclaim to foreclose"). Defendant is entitled to $3,704.48 for reasonable attorneys' fees as allowed under the Note and Deed of Trust.

## V. CONCLUSION

Defendant's motion for summary judgment is **GRANTED**, all of Plaintiff's claims are **DISMISSED with prejudice**, and Defendant's counterclaim for foreclosure and attorneys' fees is **GRANTED**. By separate judgment, Defendant will be authorized to foreclose on its lien on the real property located at 1422 Bradford Place, Mesquite, Texas, 75149 in accordance with the Note, Deed of Trust, and § 51.002 of the Texas Property Code.

**SO ORDERED** on this 20th day of April 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE